IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| THOMAS WAYNE FLORENCE, <br> TDCJ No. 01147601, <br><br> Petitioner, <br><br> v. <br><br> ANDREA LOZADA, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 7:20-cv-00142-M-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a civil rights complaint filed by Plaintiff Thomas Wayne Florence, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 3. Plaintiff seeks injunctive and other relief from prison officials regarding their operation of the Allred Unit during the COVID-19 pandemic, including an order requiring issuance of hand sanitizer, mandatory quarantining of incoming inmates, and mask requirements. *See id.* at 4. Plaintiff also moves to certify a class action. ECF No. 7.

Review of the record reflects that Plaintiff did not pay the Court's filing fee, though he did file a motion for leave to proceed *in forma pauperis*. ECF No. 5. Review of Plaintiff's litigation history reflects that he is barred from proceeding *in forma pauperis* under the provisions of the Prison Litigation Reform Act of 1995.

Title 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

> a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has filed at least three previous federal civil actions that have been dismissed as frivolous. *Florence v. Crain*, No. 6:06-cv-45 (S.D. Tex. May 9, 2006), *aff'd after remand*, 326 F. App'x 857 (5th Cir. 2009) (district court case and appeal dismissed as frivolous) and *Florence v. Deel*, No. 6:05-cv-307 (E.D. Tex. Feb. 15, 2006), *aff'd*, 252 F. App'x 697 (5th Cir. 2007) (district court case dismissed as frivolous and for failure to state a claim and appeal dismissed as frivolous). One court has declined to permit Plaintiff to proceed *in forma pauperis* as a result. *Florence v. Cornell, Inc.* No. 1:08-cv-258, 2009 WL 4730414 (E.D. Tex. Oct. 30, 2009), *rec. accepted*, No. 1:08-cv-258, 2009 WL 4730414 (E.D. Tex. Dec. 4, 2009) (case dismissed under three-strikes bar). The complaint filed in the instant case reflects that Plaintiff has failed to present any allegation that could establish he is under imminent danger of serious physical injury. Therefore, he is not entitled to proceed *in forma pauperis*, and any his motion to proceed as such should be denied. If he wishes to pursue the instant claims, Plaintiff must pay the $402.00 filing and administrative fees.

For the foregoing reasons, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DISMISS** this case as barred by the three strikes provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Dismissal should be without prejudice to Plaintiff's right to reopen the case if he pays the $402.00 filing and administrative fees and files a motion to reopen within thirty days of the date of Chief Judge Lynn's order.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with

a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** December 1, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE